**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

JOSEPH SCLAFANI, MICHAEL FEINSTEIN, and BRET CAPPOLA,

Plaintiffs,

CAROL A. MICI, in her official capacity as Commissioner of the Massachusetts Department of Correction, DOUGLAS DEMOURA, in his official capacity as Superintendent of MCI-Cedar Junction, and STEVE SILVA, in his official capacity as Superintendent of MCI-Norfolk,

Defendants.

C.A. No.

**PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Joseph Sclafani, Michael Feinstein, and Bret Cappola hereby respectfully request that this Court issue a temporary restraining order and preliminary injunction requiring Defendant Carol A. Mici, in her official capacity as Commissioner of the Massachusetts Department of Correction ("DOC"), Defendant Douglas DeMoura, in his official capacity as Superintendent of MCI-Cedar Junction, and Defendant Steve Silva, in his official capacity as Superintendent of MCI-Norfolk (collectively, "Defendants"), to provide Plaintiffs with ongoing buprenorphine maintenance treatment, at doses previously prescribed by their medical providers, until this Court can rule on a motion for permanent injunctive relief.

Plaintiffs are prisoners in Defendants' custody. Denying Plaintiffs access to their medication constitutes (1) deliberate indifference to a serious medical need in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, and (2) unlawful discrimination on the basis of a disability under the Americans with Disabilities Act. Absent

injunctive relief, there is clear and present danger that Plaintiffs will suffer severe, immediate, and lasting medical harm from the DOC's policy of forcibly withdrawing prisoners from their buprenorphine maintenance treatment. This case is particularly urgent because the DOC has already discontinued Plaintiff Sclafani's buprenorphine prescription and will imminently do the same for both Plaintiff Feinstein (on or about January 6 or 7) and Plaintiff Cappola (on or about December 30). Without this medically necessary treatment, Plaintiffs face a high risk of relapse, overdose, and death, both during their incarceration and upon their release. In addition, the DOC's compulsory-withdrawal policy has forced or will imminently force Plaintiffs into a situation where the only way they can avoid excruciating withdrawal symptoms and an increased risk of relapse, overdose, and death is to purchase their life-saving buprenorphine on the black market inside DOC facilities, thereby exposing themselves to potential discipline, retaliation, and an increased period of incarceration.

Plaintiffs therefore seek an order requiring the DOC to provide Plaintiffs their buprenorphine maintenance treatment at the dosages previously prescribed by their medical providers until this Court can rule on a motion for permanent injunctive relief. Plaintiffs also seek an order preventing Defendants from imposing discipline against Plaintiffs for any buprenorphine obtained while in DOC custody during any period of time when Defendants were not providing Plaintiffs with buprenorphine maintenance treatment. In support of this Motion, Plaintiffs rely on their Complaint, the Memorandum of Law submitted herewith, and the declarations and exhibits attached thereto. Plaintiffs state that they have a likelihood of success on the merits of their claims that Defendants' conduct is violating Plaintiffs' rights under the Eighth Amendment and the Americans with Disabilities Act; that Plaintiffs are likely to suffer irreparable harm if the order is not granted; that the potential harm to Plaintiffs if the order is not granted outweighs the potential harm to Defendants if the order is granted; and that issuance of the order is in the public interest.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction and award them their requested relief in the form of the Proposed Order attached as Exhibit A.

**REQUEST FOR ORAL ARGUMENT**

Plaintiffs believe that oral argument would assist the Court in consideration of the issues presented in this Motion and, accordingly, request to be heard on this Motion pursuant to Local Rule 7.1(d). Plaintiffs respectfully request the Court convene a hearing at its earliest possible convenience before December 30, 2019, when the DOC will terminate Plaintiff Cappola's buprenorphine prescription.

Dated: December 19, 2019

Respectfully submitted,

JOSEPH SCLAFANI, MICHAEL FEINSTEIN, and BRET CAPPOLA

By their attorneys,

/s/ Robert Frederickson III
Robert Frederickson III (BBO 670111)
Marielle Sanchez (BBO 703897)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: 617.570.1000
Fax: 617.523.1231
RFrederickson@goodwinlaw.com
MSanchez@goodwinlaw.com

Ira J. Levy (*Pro hac vice* pending)
Alexandra D. Valenti (*Pro hac vice* pending)
Aviv A. Zalcenstein (*Pro hac vice* pending)
Christine Armellino (*Pro hac vice* pending)
GOODWIN PROCTER LLP
The New York Times Building
620 Eight Avenue
New York, NY 10018

Tel.: 212.813.8800
Fax: 212.355.3333
ILevy@goodwinlaw.com
AValenti@goodwinlaw.com
AZalcenstein@goodwinlaw.com
CArmellino@goodwinlaw.com

Matthew R. Segal (BBO 654489)
Jessie J. Rossman (BBO 670685)
Laura McCready (BBO 703692) (*Pro hac vice* pending)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
Tel.: 617.482.3170
msegal@aclum.org
jrossman@aclum.org
lmccready@aclum.org

*Attorneys for Plaintiffs Joseph Sclafani, Michael Feinstein, and Bret Cappola*

**LOCAL RULE 7.1(a)(2) CERTIFICATE AND CERTIFICATE OF SERVICE**

The undersigned counsel certifies pursuant to Local Rule 7.1 that Plaintiffs' counsel made a good faith effort to resolve the parties' dispute through a pre-suit demand letter, which requested assurances that for the duration of their incarceration in the custody of the Massachusetts Department of Correction, Plaintiffs Feinstein and Cappola will be provided with their buprenorphine maintenance treatment at the dosages previously prescribed by their medical providers. In the pre-suit demand letter, Plaintiffs' counsel also requested assurances that Plaintiff Sclafani would be put back onto his buprenorphine maintenance treatment, and that, for the duration of his incarceration in the custody of the Massachusetts Department of Correction, he will be provided with his buprenorphine maintenance treatment at the dosage previously prescribed by his medical provider. Neither Defendants' counsel nor their representatives provided such assurances in their response. Due to the urgent nature of the requested relief, counsel have not yet had an opportunity to meet and confer with Defendants or their counsel.

The undersigned further certifies that this document will be sent electronically to Nancy White, General Counsel of the Massachusetts Department of Correction, Stephen Dietrick, Deputy General Counsel of the Massachusetts Department of Correction, Susan Terrey, General Counsel of the Executive Office of Public Safety and Security, and John Melander, Deputy General Counsel of the Executive Office of Public Safety and Security this 19th day of December, 2019.

/s/ *Robert Frederickson III*
Robert Frederickson III (BBO 670111)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: 617.570.1000
Fax: 617.523.1231
RFrederickson@goodwinlaw.com
*Attorney for Joseph Sclafani, Michael Feinstein, and Bret Cappola*