# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH SCLAFANI, MICHAEL FEINSTEIN, and BRET CAPPOLA,<br><br>Plaintiffs,<br><br>CAROL A. MICI, in her official capacity as Commissioner of the Massachusetts Department of Correction,<br>DOUGLAS DEMOURA, in his official capacity as Superintendent of MCI-Cedar Junction, and STEVE SILVA, in his official capacity as Superintendent of MCI-Norfolk,<br><br>Defendants. | C.A. No. |

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, and upon consideration of the Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, and upon review of the pleadings and papers filed in support thereof and in opposition thereto, and after hearing oral argument from counsel for the parties, the Court hereby GRANTS Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

WHEREFORE, the Court ORDERS that Defendant Carol A. Mici, in her official capacity as Commissioner of the Massachusetts Department of Correction, Defendant Douglas DeMoura, in his official capacity as Superintendent of MCI-Cedar Junction, and Defendant Steve Silva, in his official capacity as Superintendent of MCI-Norfolk (collectively, Defendants): shall provide Plaintiffs with ongoing buprenorphine maintenance treatment, at the dosages previously prescribed by their medical providers, until this Court rules on a motion for

permanent injunctive relief. The Court further ORDERS that Defendants shall not impose discipline against Plaintiffs for any buprenorphine obtained while in DOC custody during any period of time when Defendants were not providing Plaintiffs with buprenorphine maintenance treatment.

As grounds for this order, this Court hereby finds that Plaintiffs have a likelihood of success on the merits of their claims that Defendants' termination of Plaintiffs' buprenorphine maintenance treatment violates their right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution and their right to be free from discrimination based on their disabilities under the Americans with Disabilities Act; that Plaintiffs are likely to suffer irreparable harm if the order is not granted; that the potential harm to Plaintiffs if the order is not granted outweighs the potential harm to Defendants if the order is granted; and that issuance of the order is in the public interest. This Order shall remain in effect unless and until modified by the Court.

SO ORDERED this 19th day of December, 2019.

_____
United States District Judge