# EXHIBIT 2

...



Alexandra D. Valenti
+1 212 459 7351
AValenti@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800

December 6, 2019

**VIA EMAIL/FAX AND FEDEX**

Carol A. Mici
Commissioner
Massachusetts Department of Correction
DOC Headquarters
50 Maple Street
Milford, MA 01757
Carol.Mici@doc.state.ma.us

Kevin Stanton
Deputy Executive Director
Massachusetts Executive Office of Public
Safety and Security
10 Park Plaza, Suite 720
Boston, MA 02116
Kevin.Stanton@state.ma.us

Douglas DeMoura
Superintendent
MCI – Cedar Junction
Rte 1A, Main Street
PO Box 100
South Walpole MA 02071
Fax (508) 660-8009

Steve Silva
Superintendent
MCI – Norfolk
2 Clark Street
PO Box 43
Norfolk, MA 02056
Fax (508) 660 -5950

**Re**:     **Providing medication for addiction treatment for opioid use disorder**

ACTIVE/98684611.2



Carol A. Mici
Kevin Stanton
Douglas DeMoura
Steve Silva
December 6, 2019
Page 2

Commissioner Mici, Deputy Executive Director Stanton, and Superintendents DeMoura and Silva:

    We write on behalf of Michael Feinstein and Bret Cappola, who are incarcerated at MCI-Cedar Junction, and Joseph Sclafani, who was previously incarcerated at MCI-Cedar Junction and is now incarcerated at MCI-Norfolk. Mr. Feinstein, Mr. Sclafani, and Mr. Cappola all suffer from opioid use disorder ("OUD"), a chronic brain disease and a recognized disability under the Americans with Disabilities Act, 42 U.S.C. § 12191 *et seq*. To help treat their disease, before entering MCI-Cedar Junction, each of these men had been receiving medication for addiction treatment ("MAT") under the supervision of physicians. This MAT has helped Mr. Feinstein, Mr. Sclafani, and Mr. Cappola maintain active recovery.

    Immediately before they entered MCI-Cedar Junction, Mr. Feinstein, Mr. Sclafani, and Mr. Cappola had each been receiving individualized, prescribed daily-doses of buprenorphine. In particular, a physician in the community prescribed 16mg/day for Mr. Sclafani based on an individualized assessment of his medical needs. A physician in the community prescribed 12mg/day for Mr. Feinstein based on an individualized assessment of his medical needs. And Mr. Cappola had been prescribed 16mg/day at the Franklin County House of Correction based on an individualized assessment of his medical needs, before being reduced to 8mg/day under an arbitrary dosing cap at the Hamden County House of Correction.

    When they entered MCI-Cedar Junction, all three individuals learned from the prison's medical providers that as a matter of policy they would receive buprenorphine for only 90 days, after which point the medication would be withdrawn. They also learned from the medical providers that MAT dosing during these 90 days would be capped at 8mg/day. Applying this policy, MCI-Cedar Junction immediately reduced Mr. Sclafani to 8mg/day when he entered the prison, and entirely stopped giving him buprenorphine on Sunday, November 17. Mr. Sclafani has since been transferred to MCI-Norfolk, where he continues to be kept off of his prescribed medication. Similarly, MCI-Cedar Junction immediately reduced Mr. Feinstein to 4mg/day when he entered the prison, and he understands that under the 90-day policy, his buprenorphine medication will be withdrawn at the beginning of January. Finally, Mr. Cappola is currently receiving 8mg/day, and he understands that under the 90-day policy, his buprenorphine medication will be withdrawn at the end of December.

    Withdrawing MAT from people with OUD is illegal and dangerous. It can cause excruciating withdrawal systems, and it increases the risk that people will relapse, overdose, and die.

    Given the urgent nature of these medical needs, we write to request that you confirm in writing by Friday, December 13, 2019, that, for the duration of their incarceration in the custody of the Massachusetts Department of Correction, Mr. Feinstein and Mr. Cappola will be provided with their MAT treatment at the dosages previously prescribed by their physicians based on an individualized consideration of their medical needs. We also request that you confirm in writing by December 13 that



Carol A. Mici
Kevin Stanton
Douglas DeMoura
Steve Silva
December 6, 2019
Page 3

Mr. Sclafani will be put back onto his MAT treatment, and that, for the duration of his incarceration in the custody of the Massachusetts Department of Correction, he will be provided with his MAT treatment at the dosage previously prescribed by his physician based on an individualized consideration of his medical need.

Sincerely,

Alexandra D. Valenti

cc: Matthew Segal, Legal Director, American Civil Liberties Union of Massachusetts (*via* email)

Stephen Dietrick, Deputy General Counsel, Massachusetts Department of Correction (*via* email)
Stephen.Dietrick@doc.state.ma.us

Nancy White, General Counsel, Massachusetts Department of Correction (*via* email)
Nancy.White@doc.state.ma.us

John Melander, Deputy General Counsel, Executive Office of Public Safety and Security (*via* email)
John.Melander@state.ma.us

Susan Terrey, General Counsel, Executive Office of Public Safety and Security (*via* email)
Susan.Terrey.@state.ma.us

Thomas Turco, Secretary, Executive Office of Public Safety and Security (*via* fax)
(617) 727 7775