# EXHIBIT 4



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 4, 2018

Sheriff Kevin F. Coppinger
Essex County Sheriff's Department
20 Manning Ave
P.O. Box 807
Middleton, Massachusetts 01949-2807

Dear Sheriff Coppinger:

Thank you for meeting with us on November 8 to discuss our inquiry into the provision of Medication Assisted Treatment in your facilities and the Americans with Disabilities Act (ADA). I want to reiterate that we see this as a collaborative process and appreciate your willingness to work together toward addressing this important issue. As I indicated, my office can be a resource to provide support in helping you achieve ADA compliance, which based on our discussion is a goal we both share.

In the interest of collaboration, please set aside for the moment our pending request for documents. We instead look forward to starting work with you to find a collaborative solution to this issue that achieves compliance but also recognizes the legitimate concerns of correctional administrators.

Again, thank you for your interest in collaboration, and we looking to forward to working with you.

Sincerely,

Andrew E. Lelling
United States Attorney




# Essex County Sheriff's Department

20 Manning Ave
P.O. Box 807
Middleton, MA 01949-2807

**Kevin F. Coppinger**
**Sheriff**

Telephone 978-750-1900
www.essexsheriffma.org

November 21, 2018

United States Attorney Andrew Lelling
U. S. Federal Courthouse
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210

Dear Mr. Lelling,

   I would like to once again thank you for taking time out of your busy schedule to meet with me and our Chief of Staff Dennis Newman on November 8 to discuss the issues of Medically Assisted Treatment (MAT) in our correctional facilities here in Essex County and beyond. Since the concept of full MAT in our facilities is still in its infancy stage, I was encouraged by your willingness to work with us in a collaborative effort to help develop best practices for the proper care of the inmates in need of treatment while addressing the operational, safety and security concerns of our facilities in general.

   In regard to your agency's letter dated October 9, 2018, it is my understanding that we are going to set that aside while we work collaboratively towards the above stated goal. Our department looks forward to working with you on such an important topic.

   Thank you again for your time and cooperation.

Respectfully,

Kevin F. Coppinger
Sheriff

*Proudly serving the communities of Essex County*

AMESBURY • ANDOVER • BEVERLY • BOXFORD • DANVERS • ESSEX • GEORGETOWN • GLOUCESTER • GROVELAND
HAMILTON • HAVERHILL • IPSWICH • LAWRENCE • LYNN • LYNNFIELD • MANCHESTER-BY-THE-SEA • MARBLEHEAD
MERRIMAC • METHUEN • MIDDLETON • NAHANT • NEWBURY • NEWBURYPORT • NORTH ANDOVER • PEABODY
ROCKPORT • ROWLEY • SALEM • SALISBURY • SAUGUS • SWAMPSCOTT • TOPSFIELD • WENHAM • WEST NEWBURY



Department of Justice
United States Attorney's Office
John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210
Main Reception: (617) 748-3100

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*



## Facsimile Transmission Cover Page

**SENSITIVE U.S. ATTORNEY FACSIMILE COMMUNICATION**

| | RECIPIENT | | SENDER |
|---|---|---|---|
| To: | Attorney Richard Jeffrey | From: | Gregory Dorchak, SAUSA |
| Fax#: | 978-750-1999 | Fax#: | 617-748-3971 |
| Phone#: | | Phone#: | 617-748-3157 |
| CC: | | | |

| Total Number of Pages (including Cover Page) | 5 | Date: | 10/22/2018 |
|---|---|---|---|

➡  ☐ Urgent    ☒ For Review    ☐ Please Comment    ☐ Please Reply

**IMMEDIATELY NOTIFY SENDER OF ANY DIFFICULTIES IN TRANSMISSION**

*Comments/Information:*



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*   *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 9, 2018

<u>Via First Class Mail</u>

Attorney Richard Jeffery
Essex County Sheriff's Department
20 Manning Ave.
Middleton, MA 01949

Re: <u>Investigation of the Essex County Sheriff's Department Pursuant to the Americans with Disabilities Act</u>

Dear Attorney Jeffery:

We are writing to inform you that the U.S. Attorney's Office for the District of Massachusetts has initiated an investigation of the Essex County Sheriff's Department ("the Department") for compliance with the requirements of Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12131-12165, and its implementing regulations, 28 C.F.R. part 35. These ADA regulations may be found at www.ADA.gov.

Specifically, this investigation focuses on the provision of services for individuals with Opioid Use Disorder (OUD) whose disability, prior to confinement, has been identified as requiring Opioid-Agonist Treatment (OAT) for treatment.[1] Individuals in treatment for OUD are protected by the ADA. It has come to our attention that individuals in treatment for OUD entering the Department's facilities, who are being treated with OAT, are not allowed access to OAT while in custody.

We ask that you provide the following information within thirty (30) calendar days of the date of this letter. If any of the information requested is not available in writing, please provide corresponding documents, written policies, or other written material that addresses the substance of the information requested. This request falls within DOJ's federal law enforcement authority. Such authority creates exceptions to statutes that may otherwise limit disclosure of private information, including the Health Insurance Portability and Accountability Act of 1996

---

[1] OAT includes methadone and buprenorphine, which is most commonly found in the drugs Suboxone and Subutex.


("HIPAA"), Public Law 104-191.[2]

## INFORMATION REQUESTED

1. Provide a list of all facilities licensed, funded, or operated by the Department. For each facility, list the facility's capacity and current number of inmates and detainees;

2. Provide a list of all vendors who provide health services or substance use treatment services for the Department, including all vendors who are under contract but who have not yet begun providing services, with a description of services provided by each vendor, as well as what facilities those vendors operate within. Please include all contracts with said vendors;

3. Provide a description of any needs assessment used to determine if any individual is in need of substance use treatment services;

4. Provide a description of all substance use treatment programs used within the Department's facilities, including a description of program philosophy and goals, overview of program rules, and of participant responsibilities, and including program manual. If the program is provided by a vendor, provide the name of vendor used;

5. Provide a description of any steps used by staff to manage detoxification for individuals who had been prescribed methadone or medications containing buprenorphine prior to confinement;

6. Provide a description of intake procedures, including initial medical evaluations. Please include any blank forms used during these procedures;

7. Provide a description of the various security methods used to administer medication (such as via pill lines). Please explain the criteria used to determine which medications are administered using a particular method;

8. Provide a description of how staff determine which medications are maintained for newly detained individuals. Please include the title of the individual who performs this evaluation;

9. Provide a description of the pharmacy services available at each facility;

10. Provide a list of all medications—including, but not limited to methadone and medications containing buprenorphine—that are terminated upon intake, and, when

---

[2] HIPAA does not limit the Commonwealth's ability to disclose the requested information to the Department in these circumstances. *See* 45 C.F.R. § 164.512(d); *United States ex rel. Kaplan v. Metro. Ambulance & First-Aid Corp.*, 395 F. Supp. 2d 1, 4 (E.D.N.Y. 2005) (stating that "The United States Department of Justice is a health oversight agency as defined in" HIPAA).

relevant, what alternative medications are provided;

11. Provide the names of the superintendent at each facility;

12. Provide the names of all medical personnel and clinicians, including vendors, and including any and all certifications of individuals authorized to prescribe medication. For any medical doctor, please include the doctor's specialty;

13. Provide any reports or evaluations associated with opioid use treatment programs generated within the past three years;

14. Provide copies of all training materials provided to staff concerning any opioid use treatment programs put in place at each facility;

15. Provide all policies and procedures for handling individuals with opioid use disorder, including those of any contractual medical provider;

16. Provide all policies and defined procedures for the clinical management of chemical dependent inmates, including those policies that address treatment and observation of inmates manifesting mild/moderate symptoms of withdrawal, and including those of any contractual medical provider;

17. Provide a copy of the pharmaceutical formulary used at each facility;

18. Provide a copy of all intake records for all inmates or detainees, where the inmate had disclosed that they were prescribed either methadone or medications containing buprenorphine, from the previous three years. Please ensure that this includes the booking number, name and aliases, current address, date and duration of confinement, substance use history, date of birth, and social security number;

19. Provide a copy of each monthly report prepared for the Commissioner of Corrections that lists all admissions and releases, for the past three years;

20. Provide a copy of any grant application, made to any entity, which was made for the purpose of funding any substance use program at the Department. If the grant was accepted, please include any subsequent grant documents.

21. Provide the number of contraband offenses occurring within each facility for the last three years that involved medications and illegal drugs, broken down by medication or drug and by month.

22. Provide, as a spreadsheet, a list of all inmates or detainees released from custody for the past three years. Please include first name, last name, social security, date of birth, and date of release.

Please provide electronically stored information and documents in their native format

(e.g., Microsoft Word file, Microsoft Excel file, PDF file). To the extent that information or documents are stored in a non-electronic format, please contact us to make arrangements for a usable transfer of the data.

We drafted our request with the goal of reducing your production burden while remaining firmly within the contours of investigative needs. If we have made a request that needs clarification, or if you think that there is a better alternative, please do not hesitate to let us know.

Although we believe it is appropriate to begin an investigation in light of the above-referenced information, we have not reached any conclusions about whether the ADA has been violated. As we commence our investigation, we will consider all relevant information, and we invite your full cooperation in identifying that information. We will seek to minimize any potential disruptions of normal operations during our investigation.

The attorneys handling this investigation are Civil Rights Unit Chief Jennifer Serafyn (617-748-3188) and Special Assistant U.S. Attorney Gregory Dorchak (617-748-3157). Please do not hesitate to contact us if you have any questions in the interim.

Sincerely,

Andrew E. Lelling
United States Attorney

By:

/s/ Gregory J. Dorchak
Jennifer A. Serafyn
*Chief*
Gregory J. Dorchak
*Special Assistant U.S. Attorney*
*Civil Rights Unit*



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

March 16, 2018

<u>Via First Class Mail</u>

David Solet
General Counsel
Executive Office of Public Safety and Security
One Ashburton Place
Boston, MA 02108

Jesse Caplan
General Counsel
Executive Office of Health and Human Services
One Ashburton Place
Boston, MA 02108

Received
MAR 2 2 2018
Executive Office of Public Safety

Re: <u>Investigation of the Massachusetts Department of Correction Pursuant to the Americans with Disabilities Act</u>

Dear Attorneys Solet and Caplan:

We are writing to inform you that the U.S. Attorney's Office for the District of Massachusetts has initiated an investigation of the Massachusetts Department of Correction (DOC) for compliance with the requirements of Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12131-12165, and its implementing regulations, 28 C.F.R. part 35. These ADA regulations may be found at www.ADA.gov.

Specifically, this investigation focuses on the provision of services for individuals with Opioid Use Disorder (OUD) whose disability, prior to confinement, has been identified as requiring Medication-Assisted Treatment (MAT). Individuals in treatment for OUD are protected by the ADA. It has come to our attention that individuals in treatment for OUD entering DOC facilities, who are being treated with MAT, are not allowed access to MAT while in the DOC's custody.[1] We understand that there is proposed legislation to phase-in a pilot program in the DOC over the next four years that will allow inmates with OUD being treated

---

[1] We understand that pregnant women with OUD are provided MAT while at MCI-Framingham as long they are pregnant, but that these women are taken off of MAT once they are no longer pregnant.

with MAT to have access to MAT while in DOC facilities. We further understand that these proposals are limited to inmates, and not to detainees civilly committed under Section 35, or to pre-trial detainees. Regardless of this proposed legislation, we reiterate that all individuals in treatment for OUD, regardless of whether they are inmates or detainees, are already protected by the ADA, and that the DOC has existing obligations to accommodate this disability.

It is important to note that, although we believe it is appropriate to begin an investigation in light of the above-referenced information, we have not reached any conclusions about whether the ADA has been violated. We also note that, as we commence our investigation, we intend to consider all relevant information, and we invite your full cooperation in identifying that information. We will seek to minimize any potential disruptions of normal DOC operations during our investigation.

We look forward to discussing with you the next steps that are involved in proceeding with our inquiry. The attorneys handling this investigation are Civil Rights Unit Chief Jennifer Serafyn (617-748-3188) and Special Assistant U.S. Attorney Gregory Dorchak (617-748-3157) from the U.S. Attorney's Office for the District of Massachusetts. We will contact you shortly to discuss the parameters of the investigation, but please do not hesitate to contact us if you have any questions in the interim.

Sincerely,

Andrew E. Lelling
United States Attorney

By:

*/s/ Gregory J. Dorchak*
Jennifer A. Serafyn
*Chief*
Gregory J. Dorchak
*Special Assistant U.S. Attorney*
*Civil Rights Unit*